Patsy PRUITT, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (LIGHTHOUSE REHABILITATION), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 1999.

Decided May 11, 1999.

Michael H. Ranck, Lancaster, for petitioner.

Wendy L. Slear, Philadelphia, for respondent.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Patsy Pruitt (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed an order of a workers' compensation judge (WCJ) granting Claimant's claim petition and the petition for termination filed by Lighthouse Rehabilitation (Employer). We affirm in part and reverse and remand in part.

On September 14, 1993, Claimant filed a claim petition alleging she sustained a work-related injury to her lower back on July 29, 1993. Employer filed a timely answer denying every allegation in the petition and asserting that the claim was barred by applicable statutes of limitations, collateral estoppel and/or res judicata. Employer alternatively asserted in its answer that Claimant had fully or partially recovered from any alleged injury and claimed a right to credit for any sickness and accident benefits or salary continuation paid.

At the initial hearing on November 18, 1993, Claimant testified regarding the circumstances and nature of her injury. She also stated that she gave notice of her injury the day it occurred to a supervisor, Employer's vice president, and Ronald Good, Employer's administrator. Employer presented no evidence in rebuttal at that hearing. The WCJ noted that Claimant was not receiving any income, and Employer's counsel agreed to promptly schedule an independent medical examination (IME).

By letter dated February 8, 1994, Employer offered Claimant light duty work. However, at the time, neither Claimant's treating physician nor any other doctor had cleared her for light duty work.

On March 23, 1994, Ellis F. Friedman, M.D., examined Claimant on Employer's behalf. Dr. Friedman issued a report to Employer on March 25, 1994, stating that the incident described by Claimant could have caused her complaints of low back and left leg pain. However, Dr. Friedman opined in the report that Claimant had fully recovered and could return to her pre-injury job without restriction.

By letter dated April 6, 1994, Employer again offered Claimant a light duty position, and Claimant returned to work for one day on April 12, 1994. By letter dated April 16, 1994, Employer offered to settle the case for a closed period of compensation (from July 29, 1993 through March 23, 1994), contingent upon Claimant's acknowledgement of full recovery. The letter does not indicate the amount of compensation offered by Employer for this period.

At a hearing held June 22, 1994, Claimant presented the deposition testimony of George M. Kent, M.D., her treating physician, who opined that Claimant remained totally disabled as a result of her work injury. Employer presented the deposition testimony of Dr. Friedman. Consistent with his report of March 25, 1994, Dr. Friedman testified that Claimant had sustained a back sprain on July 29, 1993, from which she had completely recovered. Employer also offered the testimony of administrator Ronald Good, who described the light duty position offered to Claimant and her brief return to work.

On October 4, 1994, Employer filed a termination petition alleging Claimant had completely recovered from her work-related injury as of March 23, 1994. The petition was assigned to the same WCJ and consolidated with the claim petition.

At the final hearing on December 8, 1994, Claimant testified regarding her un-successful attempt to return to work. Following discussion off the record, the parties agreed that Claimant was totally disabled as a result of her work injury from July 30, 1993 through March 23, 1994, and Employer agreed to promptly pay Claimant compensation for that period. At that time the WCJ made clear that only two issues remained to be decided – whether Claimant's disability continued after March 23, 1994 and whether Employer's contest was reasonable. The WCJ opined that the record was sufficiently developed for those determinations to be made and with the parties' agreement the record was closed.

In his decision of January 26, 1996, the WCJ accepted the testimony of Dr. Friedman as credible and persuasive and rejected the testimony of Claimant and Dr. Kent to the extent it conflicted with Dr. Friedman's. The WCJ concluded that Claimant met her burden of proving she suffered a disabling work-related injury on July 29, 1993. He also concluded that Employer met its burden of proving that Claimant had fully recovered from her injury as of March 23, 1994. Accordingly, the WCJ granted both petitions and awarded compensation for a closed period. The WCJ further concluded that Employer's contest was reasonable, citing Employer's attempt to resolve the case in April of 1994, and ordered that Claimant's attorney's fees be deducted from her compensation.

Claimant appealed to the Board, arguing that the evidence of record did not support a termination of benefits. Claimant also argued that the WCJ erred in concluding that Employer's contest was reasonable. Claimant noted that Employer did not schedule an IME until months after the injury, and even after the work-related injury was confirmed by Dr. Friedman, Employer still refused to accept the claim and did not pay compensation or pre-IME medical bills until ordered to do so. The Board affirmed the WCJ's decision, observing that Employer had presented competent credible evi-

dence to support its termination petition and noting that Employer had attempted to resolve the matter in April of 1994.

On appeal to this Court,[1] Claimant again argues that the WCJ erred in terminating benefits and in failing to award attorney's fees based on an unreasonable contest.[2]

With respect to Claimant's first argument, it is firmly established that the WCJ is the final arbiter of witness credibility and the weight to be accorded evidence. *PEC Contracting Engineers v. Workers' Compensation Appeal Board (Hutchison)*, 717 A.2d 1086 (Pa.Cmwlth. 1998). After careful review of the record, we conclude that the WCJ's findings of fact are supported by substantial competent evidence, and those findings support the WCJ's termination of benefits as of March 23, 1994.

An award of attorney's fees is the rule in workers' compensation cases when the claimant prevails, unless the record evidence establishes a reasonable basis for the contest. Section 440 of the Workers' Compensation Act.[3] The employer bears the burden of presenting sufficient evidence to establish that its contest was reasonable. *Cunningham v. Workmen's Compensation Appeal Board (Franklin Steel Co.)*, 159 Pa.Cmwlth. 622, 634 A.2d 267 (1993). Whether an employer's contest of a workers' compensation claim is reasonable is a question of law fully reviewable by this Court. *Lewistown Hospital v. Workmen's Compensation Appeal Board (Kuhns)*, 683 A.2d 702 (Pa.Cmwlth. 1996).

We agree with Claimant that Employer failed to establish that its contest of the claim was reasonable. On this issue, whether Employer had a reasonable basis to file a termination petition is not relevant. The existence of an issue of the degree of disability may provide a reasonable basis for an employer's contest, *Varghese v. Workmen's Compensation Appeal Board (M. Cardone Industries)*, 132 Pa.Cmwlth. 482, 573 A.2d 630 (1990), *appeal denied*, 527 Pa. 659, 593 A.2d 429 (1990), and it is true that such an issue arose during the course of this litigation. However, at the time when Employer actually contested Claimant's petition, Employer essentially insisted it had no knowledge that Claimant sustained a work-related injury. Yet Employer failed to demonstrate that it had a reasonable basis to question Claimant's allegations that she sustained a work-related injury and gave Employer timely notice of the same, and Employer offered no evidence whatsoever to rebut Claimant's testimony to that effect.

We note that the medical examination by Dr. Friedman did not take place until eight months had elapsed from the date of injury and that the contest was already a

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

2. We do not address Claimant's arguments that the WCJ failed to issue a reasoned decision, that the WCJ was required to issue an interlocutory order directing Employer to commence payment of compensation, that the WCJ's decision was untimely, and that a remand is required to supplement or correct the record, as we conclude that these issues were not raised before the Board. Pa. R.A.P. 1551(a).

In addition, we do not condone Claimant's failure to fully comply with the Pennsylvania Rules of Appellate Procedure. Claimant's brief does not contain a statement of jurisdiction or a summary of argument as required by Pa. R.A.P. 2111, the statement of questions presented does not fully conform to the requirements of Pa. R.A.P. 2116, and Claimant's argument is not set forth in the manner required by Pa. R.A.P. 2119. Nevertheless, we conclude that these defects are not so substantial as to preclude appropriate appellate review.

3. Act of June 2, 1915, P.L. 736 *as amended*, 77 P.S. 996.

*fait accompli* before that examination even took place. Accordingly, the deposition testimony of Dr. Friedman does not provide a reasonable basis for Employer's contest. *MacNeill v. Workmen's Compensation Appeal Board (Denny's Inc.)*, 120 Pa.Cmwlth. 320, 548 A.2d 680 (1988). Like *MacNeill*, this is not a situation where Employer had originally paid compensation and later filed a petition to terminate benefits. Instead, at the time Employer originally chose to contest payment of compensation, Employer had no reasonable grounds to do so, and Dr. Friedman's *post hoc* examination does not cure this defect. *Id.*

■ In addition, we hold that an employer's offer to settle a claim does not transform its contest, at any time, into a reasonable one. Because Employer here refused to accept liability for this claim well after its own expert confirmed the work-related injury, Claimant was forced to litigate this case to its conclusion.

Accordingly, we affirm the Board's order as it affirms the WCJ's award and termination of benefits. We reverse the Board's order as it affirms the WCJ's denial of attorney's fees on the grounds that Employer's contest was reasonable. Because an award of attorney's fees for unreasonable contest must be based upon findings of fact regarding the reasonableness of the amount assessed, *Spangler v. Workmen's Compensation Appeal Board (Ford)*, 145 Pa.Cmwlth. 56, 602 A.2d 446 (1992), we remand this matter to the Board with instructions to remand to the WCJ to issue additional findings of fact and take additional evidence if necessary.

### ORDER

NOW, May 11, 1999, the order of the Workers' Compensation Appeal Board, at No. A96–0497, dated October 9, 1998, is reversed with regard to its denial of attorneys' fees and the matter is remanded for proceedings consistent with the foregoing opinion. In all other respects the Board's order is affirmed.

Jurisdiction is relinquished.