**Edward BOYER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FIRST CAPITAL INSULATION, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 17, 1999.

Decided Nov. 3, 1999.

Ronald L. Calhoon, Harrisburg, for petitioner.

Michael E. McGrath, Camp Hill, for respondent.

Before PELLEGRINI, J., FRIEDMAN, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Edward Boyer (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) that denied Claimant's petition to review compensation, granted his petition to set aside a final receipt and reinstate benefits, and denied his request for attorney's fees. We affirm in part and reverse and remand in part.

In October of 1995, Claimant sustained an injury to his left knee during the course of his employment with First Capital Insulation, Inc. (Employer) and he received temporary total disability benefits pursuant to a notice of compensation payable. Claimant underwent two surgeries on his knee and he returned to work at his pre-injury job on February 19, 1996. On March 29, 1996, Claimant signed a final receipt.

Claimant continued to experience discomfort with the knee, which made it difficult for him to perform his regular duties. On May 9, 1996, Claimant experienced increased pain in his knee. Claimant advised his supervisor that he was having problems and needed to see his doctor. Claimant did not return to work and obtained a doctor's note dated May 15, 1996, taking him off work.

On May 30, 1996, Claimant filed a petition to set aside the final receipt and reinstate compensation. On June 13, 1996, Claimant filed a petition requesting review of his compensation rate, asserting that pension contributions were improperly excluded from the calculation of his average weekly wage. Claimant requested attorney's fees for an unreasonable contest in each petition. Employer filed answers to both petitions denying all material allegations therein.

The petitions were consolidated and assigned to a WCJ.[1] At the conclusion of the hearings, the WCJ dismissed Claimant's review petition, but granted Claimant's set aside/reinstatement petition. The WCJ found that Employer's contest was reasonable and denied Claimant's request for attorney's fees.

Claimant appealed to the Board, arguing that the WCJ erred in dismissing his petition for review and in finding that Employer's contest of the set aside/reinstatement petition was reasonable. The Board affirmed, and Claimant continues these arguments on appeal to this Court.[2]

Claimant first argues that the WCJ erred in dismissing his petition to review compensation, asserting that contributions made to a pension plan pursuant to the Davis–Bacon Act, 40 U.S.C. §§ 276a–276a–5, should be included in the calculation of his average weekly wage.[3] Claimant argues that these payments are defined as "wages" under the Davis–Bacon Act and that contributions to the plan were funded solely by his earnings.

1. The petitions were initially assigned to WCJ Crum, who held the first hearing in the matter. The case was reassigned to WCJ Peckmann, who held four additional hearings and issued the decision and order under review.

2. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

3. Employer is subject to the provisions of the Davis–Bacon Act whenever its employees are performing services for Employer under a public contract subject to any federal or state prevailing wage law.

The WCJ accepted as credible the testimony of Patricia Cumor, Employer's president, which established the following facts. The Davis–Bacon Act requires employers to pay a base rate of pay plus additional fringe benefits, which may be in the form of a pension plan, medical insurance, disability insurance and apprenticeship programs. An employer may discharge its obligation to provide additional fringe benefits by making cash payments to employees, which would be taxed as income. The contributions made to the pension plan are not included in the calculation of an employee's weekly pay and are not subject to tax. Contrary to Claimant's assertions, the pension plan is funded solely by Employer's contributions; employees are not permitted to contribute monies into the pension plan.

■ Section 276a(b) of the Davis–Bacon Act provides that the term "wages", *as used in that act,* shall include contributions to a trustee or third person pursuant to a fund or plan. 40 U.S.C. § 276a(b). However, Claimant seeks a review of his "average weekly wage" in the context of a workers' compensation proceeding. The liability of an employer to pay damages for injuries received in the course of employment, the schedule of compensation payable and the procedures for determining liability and compensation to be paid are governed exclusively by the Workers' Compensation Act (Act).[4] The term "average weekly wage" is specifically defined by Section 309 of the Act, 77 P.S. § 582, as excluding fringe benefits, including employer payments for or contributions to a retirement, pension, health and welfare, life insurance, or any other plan for the benefit of the employee or his dependents. Accordingly, the WCJ correctly determined that the pension contributions at issue are not properly included in the calculation of Claimant's average weekly wage.

■ We next address Claimant's contention that the WCJ erred in denying his request for attorney's fees. Where a claimant succeeds in a litigated case, reasonable counsel fees are awarded against the employer as a cost under Section 440 of the Act, 77 P.S. § 996, unless the record establishes a reasonable basis for the contest. *Pruitt v. Workers' Compensation Appeal Board (Lighthouse Rehabilitation),* 730 A.2d 1025 (Pa.Cmwlth.1999). An award of counsel fees is the rule and excluding counsel fees is the exception, to be applied only where the employer meets its burden of presenting sufficient evidence to establish that its contest was reasonable. *Id.* Whether an employer's contest is reasonable is a question of law fully reviewable by this Court. *Id.*

In concluding that Employer's contest was reasonable, the WCJ found:

> There is no indication that the medical records or reports offered by the claimant ... were sent to the employer or received by the employer prior to the petitions being filed. Once the petitions were filed, the employer secured an independent medical examination with Dr. Goodman, whose opinion, if found persuasive, would support the employer's position.

WCJ's Finding of Fact No. 20.

Initially, we find no authority for the proposition that a claimant's failure to provide his employer with medical reports prior to filing a petition establishes a reasonable basis for the employer to contest the petition.

We note that reports of the first independent medical examination scheduled by Employer were introduced into evidence by Claimant, rather than Employer, at the first hearing and Employer retroactively reinstated payment of compensation on August 12, 1996. However, Employer continued to contest Claimant's entitlement to reinstatement throughout the pendency of this matter. At the final hearing held

4. Act of June 2, 1915, P.L. 736 *as amended*   §§ 1–1041.4, 2501–2606.

October 9, 1997, Employer offered the deposition testimony of Bruce Goodman, M.D., who examined Claimant on Employer's behalf on March 21, 1997. Dr. Goodman opined that Claimant's present work restrictions were necessitated solely by pre-existing degenerative arthritis of the left knee. However, Dr. Goodman acknowledged that Claimant's work injury and the surgical removal of the meniscus necessitated by the work injury could accelerate the development of arthritis in the joint. (WCJ's Finding of Fact No. 25.)

■ We note that Dr. Goodman's medical examination did not take place until approximately ten months after the reinstatement petition was filed, and that Employer's contest was already a *fait accompli* before that examination took place. Therefore, the deposition testimony of Dr. Goodman does not provide a reasonable basis for Employer's contest. At the time Employer originally chose to contest payment of compensation, Employer had no reasonable grounds to do so, and Dr. Goodman's *post hoc* examination does not cure this defect. *Id.; MacNeill v. Workmen's Compensation Appeal Board (Denny's Inc.)*, 120 Pa.Cmwlth. 320, 548 A.2d 680 (1988).[5]

■ Accordingly, we conclude that Employer's contest of Claimant's set aside/reinstatement petition was not reasonable, and we reverse that part of the Board's order affirming the WCJ's denial of attorney's fees to Claimant. Because an award of attorney's fees for an unreasonable contest must be based upon findings of fact regarding the reasonableness of the amount assessed, *Spangler v. Workmen's Compensation Appeal Board (Ford)*, 145 Pa.Cmwlth. 56, 602 A.2d 446 (1992), we remand this matter to the Board with instructions to remand to the WCJ. The WCJ shall issue additional findings of fact, and take additional evidence if necessary, regarding reasonable fees associated only

with the litigation of the reinstatement petition.

The Board's order is affirmed in all other respects.

### *ORDER*

NOW, November 3, 1999, we reverse that part of the Workers' Compensation Appeal Board's order affirming the WCJ's denial of attorney's fees and we remand this matter to the Board with instructions to remand to the WCJ in accordance with the foregoing opinion. The Board's order is affirmed in all other respects.

Jurisdiction relinquished.

---

**5.** The fact that Employer voluntarily reinstated compensation payments in August of 1996 is of no moment, as Employer contested

Claimant's entitlement to reinstatement throughout the pendency of these proceedings.