**LAIDLAW TRANSIT, INC. and Crawford & Company, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LINDNER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 6, 2001.

Decided Sept. 6, 2001.

Jeffrey J. Russell, Pittsburgh, for petitioner.

Thomas W. Brown, Carnegie, for respondent.

Before PELLEGRINI, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

PELLEGRINI, Judge.

Laidlaw Transit, Inc. and Crawford & Company (collectively, Employer) petition for review of a Workers' Compensation Appeal Board (Board) order affirming the decision of the Workers' Compensation Judge (WCJ) denying its review/suspension petition and finding that it had no right of subrogation or reimbursement from David Lindner's (Claimant) third-party recovery.

On March 28, 1991, Claimant suffered a work-related injury to his ear while working as a mechanic for Employer. Employer issued a notice of compensation payable acknowledging his injury which was described as "left ear pain, vertigo" and began paying Claimant compensation benefits at the rate of $338.07 per week. Alleging that it was entitled to a suspension of Claimant's benefits and subrogation because Claimant received a third-party recovery based on his work-related injury, Employer filed a petition to review/suspend Claimant's benefits on May

29, 1997. Employer submitted indemnity and medical printouts showing that as of August 6, 1997, Claimant had been paid $111,738.50 in indemnity benefits and $28,313.78 in medical benefits.

Before the WCJ, Claimant testified that while working for Employer on March 28, 1991, a tire ruptured while he was adding air to the tire, causing him significant and severe injuries. After the incident, he began receiving compensation benefits and had not worked anywhere else or collected any other benefits. He then stated that he subsequently filed a civil complaint against Goodyear Tire and Rubber Company (Goodyear) and Martin Tire, Inc. (Martin Tire) alleging that as he was inflating a tire mounted on a one-ton van, the sidewall of the tire failed, causing a rush of pressurized air to strike and injure him. As to his civil case, Claimant stated that he received a jury verdict in the amount of $3,000,000 against Goodyear and settled with Martin Tire subsequent to that jury verdict.

Dennis Morgenstern, Esquire (Morgenstern), the attorney who represented Claimant in his civil action against Good-year and Martin Tire, testified that during litigation of Claimant's civil action against Goodyear and Martin Tire, he contacted Employer's attorney seeking assistance in the case; however, Employer had lost the file regarding the incident. Morgenstern described the civil action as an action arising out of the maintenance of a motor vehicle. He also stated that he had a number of discussions with Employer's counsel prior to the civil trial regarding Employer's right of subrogation, and took the position that because the case involved the maintenance of a motor vehicle, there was no right of subrogation by Employer.[1]

Finding Claimant's testimony credible as to the circumstances surrounding his injury, such injury occurred prior to the effective date of Act 44 of 1993,[2] and Claimant's third-party suit involved a recovery under the Pennsylvania Motor Vehicle Responsibility Law (Motor Vehicle Responsibility Law),[3] the WCJ concluded that Employer had no right of subrogation against Claimant's recovery in the third-party suit.[4] Alleging that the WCJ erred in admitting evidence regarding Claimant's third-party action into the record, improp-

1. Also before the WCJ, Claimant offered into evidence the following: (1) a March 2, 1993 letter from Morgenstern to Jeff Finfrock at Employer requesting certain information regarding the tire; (2) a copy of the check Claimant received from Ohio Casualty in the amount of $5,000; (3) a letter from Morgenstern to Employer's attorney, David Ryan, regarding information for Claimant's civil action; (4) a January 25, 1996 letter from David Ryan to Morgenstern regarding permission to perform ongoing tests at Employer's site; (5) a portion of the transcript from Claimant's civil action regarding damages and jury instructions; and (6) a September 6, 1996 letter from David Ryan indicating that Employer was entitled to subrogation from Claimant's third-party suit.

2. Act of July 2, 1993, P.L.1990, No. 44. Section 25(b) of Act 44 repealed 75 Pa.C.S. § 1720 (precluding an employer's right of subrogation against a claimant's tort recovery with respect to workers' compensation benefits), insofar as it related to workers' compensation payments or other benefits under the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1041.4; 2501–2626.

3. 75 Pa.C.S. §§ 1701–1799.7.

4. Also, Claimant filed a penalty petition alleging that Employer illegally requested subrogation in violation of Section 26 of Act 44. That section provides that no changes in indemnity compensation payable by the 1993 act shall affect payments of indemnity compensation for injuries sustained prior to the effective date of Section 26. However, the WCJ found that Employer had a reasonable basis to file its review/suspension petition and denied and dismissed that petition.

erly considered the opinion of Claimant's counsel from that action regarding Employer's subrogation rights, and that the WCJ's findings were not supported by substantial evidence, Employer appealed to the Board. Concluding that based on Claimant's testimony alone, the WCJ properly found that the third-party action fell within the Motor Vehicle Responsibility Law which precluded an employer from subrogation rights with respect to workers' compensation benefits, the Board affirmed the WCJ's decision. This appeal followed.[5]

Employer contends that the WCJ erred in denying its right to subrogation based on Section 1720 of the Motor Vehicle Responsibility Law.[6] Specifically, Employer argues that Claimant's third-party recovery was not based on an action arising out of the maintenance or use of a motor vehicle for which the Motor Vehicle Responsibility Law precluded subrogation by an employer, but instead, his action was based on a products liability theory, and, therefore, Employer was entitled to subrogation. In support of its argument, Employer relies on our holding in *Greater Lancaster Disposal/SCA Services v. Workmen's Compensation Appeal Board (Snook)*, 147 Pa.Cmwlth. 224, 607 A.2d 334, *petition for allowance of appeal denied*, 532 Pa. 667, 616 A.2d 987 (1992), a case decided under the repealed Pennsylvania No–Fault Motor Vehicle Insurance Act (No–Fault Act)[7] that contained a similar provision,[8] arguing that it carved out a products liability exception to Section 1720 of the Motor Vehicle Responsibility Law.

In *Greater Lancaster*, an employee was killed when his employer's garbage truck "slipped backward down an incline and pinned him between the truck and a dock while he was working" at his employer's facility on June 2, 1979. On June 19, 1979, the employee's widow/claimant entered into a compensation agreement with the employer and its workers' compensation insurer. Subsequently, the claimant instituted a product liability action against the manufacturers of the garbage truck and its component parts, which was ultimately settled prior to trial. On June 28, 1985, the employer and its insurer filed a petition for suspension or modification of benefits asserting a right to subrogation and a credit for the proceeds of the third-party settlement against compensation paid or payable to the claimant. Finding that the claimant's third-party action was not brought under the No–Fault Act, the WCJ concluded that the employer was entitled to subrogation from the third-party action. However, concluding that the claimant's third-party action fell within the limitations of the No–Fault Act, and, therefore, barred the employer's subrogation rights, the Board reversed the WCJ's determination.

---

**5.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Pruitt v. Workers' Compensation Appeal Board (Lighthouse Rehabilitation)*, 730 A.2d 1025 (Pa.Cmwlth.1999).

**6.** Section 1720 provides, in part:

In actions arising out of the maintenance or use of a motor vehicle, there shall be no right to subrogation or reimbursement from

a claimant's tort recovery with respect to workers' compensation benefits ...

**7.** Act of July 19, 1974, P.L. 489, 40 P.S. §§ 1009.101–1009.701, *repealed by* the Act of February 12, 1984, P.L. 26. The No-fault Act was the predecessor to the Vehicle Responsibility Act.

**8.** *See* 40 P.S. § 1009.111, *repealed by* the Act of February 12, 1984, P.L. 26. That section restricted the subrogation rights of an employer/insurer against a claimant's third-party recovery.

On appeal to this court, the employer argued that because the claimant's third-party action was a product liability action against the manufacturers of the garbage truck, it was separate and distinct from any no-fault action, and, therefore, did not preclude its subrogation rights. Concluding that the No Fault Act applied only to actions where there was a causal link between the injury and the "maintenance or use of a motor vehicle," we held that because the claimant alleged in her complaint that the manufacturers were negligent in the design and manufacture of the garbage truck and not that the decedent was a victim whose injury and death arose out of the use of a motor vehicle, the No–Fault Act did not apply and the employer was entitled to subrogation of the third-party recovery.

While we held that the employer was entitled to subrogation of the third-party recovery because the claimant's third-party action did not fall within the No–Fault Act, *Greater Lancaster* does not carve out a products liability exception to the ban on employer's subrogation rights found in Section 1720 of the Motor Vehicle Responsibility Law. All that *Greater Lancaster* holds is that for there to be a bar to an employer's subrogation right, the claimant's cause of action must have arisen out of the *maintenance* or *use* of a motor vehicle, not merely that the claimant happened to be injured by a motor vehicle. Because the theory of liability asserted against each defendant does not affect the nature of the action, *Walters v. Kamppi*, 118 Pa.Cmwlth. 487, 545 A.2d 975 (1988), *petition for allowance of appeal denied*, 520 Pa. 622, 554 A.2d 513 (1989), a claimant's assertion of a products liability theo-ry against a defendant does not automatically entitle an employer to subrogation rights.

Here, what is at issue is whether Claimant's third-party action fell within the limitations of the Motor Vehicle Responsibility Law. To bar an employer's right to subrogation or reimbursement under the Motor Vehicle Responsibility Law, the action must arise "out of the maintenance or use of a motor vehicle." 75 Pa. C.S. § 1720. Although the Motor Vehicle Responsibility Law does not define "maintenance" of a motor vehicle, the plain meaning of that term is described as "the labor of keeping something in a state of repair or efficiency." Webster's Third New International Dictionary 1363 (1991).[9] Because there is no dispute that Claimant was injured working in Employer's shop while performing maintenance on a school van, his foreman asked him to check the pressure in one of the van's tires because it appeared to be low, and when he began adding air to the tire it exploded, causing severe injury to his left ear, Claimant's injury occurred while he was engaged in the labor of keeping something in a state of repair or efficiency, i.e., the van tire. Consequently, his third-party action clearly arose "out of the maintenance or use of a motor vehicle."

Because Claimant's injury arose out of the maintenance or use of a motor vehicle under Section 1720 of the Motor Vehicle Responsibility Law, Employer is not entitled to subrogation of Claimant's third-party recovery. Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 6th day of September, 2001, the order of the Workers' Compensa-

---

**9.** The Motor Vehicle Responsibility Law's predecessor, the No–Fault Act, defined "maintenance or use of a motor vehicle" as "maintenance or use of a motor vehicle as a vehicle, occupying, entering into, or alighting from it." 40 P.S. § 1009.103, *repealed by* the Act of February 12, 1984, P.L. 26, § 8(a).

tion Appeal Board, No. A99–1159, dated December 7, 2000, is affirmed.

Judge LEADBETTER did not participate in the decision of this case.