IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jaime Martinez,                           :

              Petitioner            :

                             :

          v.                       :

                             :

Workers' Compensation Appeal     :

Board (Silvi Corporation),        :   No. 1016 C.D. 2016

             Respondent      :   Submitted:  December 9, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE               FILED:  March 29, 2017


        Jaime Martinez (Claimant) petitions for review of a decision of the Workers' Compensation Appeal Board (Board) which affirmed a decision of the Workers' Compensation Judge (WCJ) marking a termination petition as withdrawn.

        On July 8, 2015, Claimant sustained an injury compensable under the Workers' Compensation Act[1] (Act) and described in the Notice of Compensation Payable filed with the Board as a right wrist fracture.  Claimant received benefits of $845.83 per week based upon a weekly average wage of $1,268.75.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1-1041.4, 2501-2708.

Claimant filed a Modification of the description of injury and Penalty Petition on September 23, 2015. (Respondent's Amended Brief at 8). On November 10, 2015, Claimant gave a deposition in which he was questioned on the nature of his injury and any restrictions or pain he was still experiencing. On December 2, 2015, Claimant's physician Dr. Didizian was deposed as to his opinion on the status and extent of Claimant's injury, and his opinion on whether Claimant could return to work. (Reproduced Record (R.R.) at 55a-56a.)

On December 7, 2015, Silvi Corporation (Employer) filed a termination petition averring that Claimant had responded in bad faith to a specific job offer. (R.R. at 1a.) On December 9, 2015, Employer's counsel made a request to the WCJ to withdraw the petition on the basis that it was filed by mistake, as Employer had intended to file a suspension petition, not a termination petition. (R.R. at 11a.) The WCJ issued an order dated that same day, marking the petition withdrawn on motion of Employer's counsel received via correspondence. *Id.* Employer filed the correct suspension petition the same day. (R.R. at 20a.) No answer was filed by the Claimant prior to the withdrawal of the termination petition, nor was evidence entered into the record by either party. (Respondent's Amended Brief at 14-15.)

On December 30, 2015, Claimant appealed the WCJ's decision to the Board, alleging that the WCJ had erred in withdrawing the termination petition without determining if the contest was unreasonable, entitling claimant to recover attorney's fees. (R.R. at 12-a-13a.) The Board affirmed the decision of the WCJ on June 9, 2016, finding that no contest had occurred, and thus no finding as to

2

whether the contest was reasonable was necessary. (R.R. at 21a). Claimant now appeals to this Court.[2]

The sole issue presented to this Court is whether the WCJ erred when she failed to determine whether the Employer's contest was reasonable. Section 440(a)[3] of the Act proves in pertinent part that "[i]n any contested case… including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards… the employee or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for the costs incurred for attorney's fees… [p]rovided, that cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer."

It is well settled that in contested workers' compensation cases, an award of attorney's fees to the claimant is the rule, and their exclusion the exception, to be applied only in those cases where the record establishes that an employer's contest is reasonable. *Cunningham v. Workers' Compensation Appeal Board (Franklin Steel Co.)*, 634 A.2d 267, 269 (Pa. Cmwlth. 1993). The burden is on the employer to establish a reasonable basis for the contest. *Wood v. Workers' Compensation Appeal Board (Country Care Private Nursing)*, 915 A.2d 181, 187 (Pa. Cmwlth. 2007). A reasonable contest is established when there is conflicting

---

[2] The Court's scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Hartman v. Worker's Compensation Appeal Board (Moyer Packing Co.)*, 636 A.2d 1245, 1246 n.4 (Pa. Cmwlth. 1994).

[3] Added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996(a).

3

evidence, or contradictory inferences therefrom. *Lemansky v. Workers' Compensation Appeal Board (Hagan Ice Cream Company),* 738 A.2d 498, 501 (Pa. Cmwlth. 1999). Whether an employer presents a reasonable basis for its contest is a question of law fully reviewable by this Court. *Boyer v. Workers' Compensation Appeal Board (First Capital Insulation, Inc.),* 740 A.2d 294, 296 (Pa. Cmwlth. 1999).

Claimant contends the WCJ erred in failing to determine whether there was a reasonable contest, and failing to give him an opportunity to present evidence to that effect. The WCJ's opinion consists of a single line and therefore, Claimant argues, does not address the issue of whether the contest was reasonable. Claimant submits he was not permitted to present evidence as to whether the contest was reasonable, and was thus unable to request attorney's fees as permitted by Section 440 of the Act. Claimant argues that the WCJ failed to consider the fact that the termination petition caused Claimant to incur counsel fees, and that the WCJ should have made reviewable conclusions of law and determined if a reasonable contest had been established by the Employer. Claimant points to his deposition and that of Dr. Didizian as evidence he incurred attorney's fees. Claimant further alleges that Employer concealed, and WCJ failed to consider, that Claimant had to prepare for and attend his deposition and the deposition of Dr. Didizian, matters for which he should be permitted to request counsel fees for in the event of an unreasonable contest.

Employer responds that there was no need to establish the existence of a reasonable or unreasonable contest, as there was no contest at all. WCJs and reviewing courts "must look at the totality of the circumstances, since the reasonableness of the contest may not necessarily depend on a conflict in evidence

4

per se." *Majesky v. Workmen's Compensation Appeal Board (Transit America, Inc.)*, 595 A.2d 761, 764 (Pa. Cmwlth. 1991). Employer asserts the termination petition was filed by mistake, and that this mistake was corrected when Employer withdrew the termination petition and instead filed a suspension petition. Employer argues that Claimant engaged in no specific preparation for litigation stemming from the mistakenly filed petition and no answer or evidence was ever filed. Therefore, the WCJ had no need for findings of fact or conclusions of law. Further, Employer points out that the depositions of Claimant and Dr. Didizian were taken before the termination petition was ever filed. In fact, Employer argues, those depositions were taken and submitted into evidence in ongoing litigation resulting from the filing of Claimant's September 23, 2015 petition for modification and penalty. Employer has also offered these depositions into evidence in support of its correctly filed suspension petition.[4]

Reviewing the totality of circumstances, it is clear that no contest existed as Employer withdrew within forty-eight hours what was erroneously filed. If there ever was a case of "no harm, no foul," this is it.

For these reasons, the decision of the Board is affirmed.

_____
JOSEPH M. COSGROVE, Judge

---

[4] It is worth noting that, as these depositions were offered as evidence in support of two other petitions being considered by a WCJ, Claimant will have the opportunity to claim his attorney's fees relating to these depositions if he prevails in either.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jaime Martinez, :
                Petitioner :
                 :
        v. :
                 :
Workers' Compensation Appeal :
Board (Silvi Corporation), : No. 1016 C.D. 2016
                Respondent :

## O R D E R

AND NOW, this 29th day of March, 2017, the order of the Workers' Compensation Appeal Board is affirmed.

_____
JOSEPH M. COSGROVE, Judge