573 A.2d 630

**Thomas VARGHESE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (M. CARDONE INDUSTRIES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on briefs Dec. 27, 1989.

Decided March 22, 1990.

Reargument Denied May 25, 1990.

Paul Auerbach, Philadelphia, for petitioner.

Charles S. Katz, Jr., Swartz, Campbell & Detweiler, Philadelphia, for M. Cardone Industries, Inc.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

Thomas Varghese (claimant) appeals from an order of the Workmen's Compensation Appeal Board which denied claimant an award of attorney's fees and refused to assess penalties against M. Cardone Industries, Inc. (employer). Additionally, the claimant contends that the board erred in computing his disability benefits.

On April 23, 1981, the claimant sustained an orthopedic injury while lifting a heavy object. The claimant did not

return to work until May 7, 1981. He signed a final receipt the same day.

On September 14, 1981, the claimant left the work premises because of a pulmonary problem. He did not return to work until April 26, 1985. Because of continued medical problems, the claimant stopped working for the employer in October, 1987.

In October, 1981, the claimant filed a petition for compensation with respect to the pulmonary illness incurred on September 14, 1981. On March 24, 1982, he filed a petition to set aside the final receipt in connection with his orthopedic injury incurred on April 23, 1981. The two petitions were consolidated for a hearing.

After the hearing, the referee issued a decision on July 1, 1987, which contained two separate sets of findings of fact and conclusions of law and two orders. The referee accepted the claimant's evidence as credible and awarded him benefits pursuant to both petitions. Both parties appealed. The claimant appealed to the board on the basis that the referee erred in not assessing attorney's fees and penalties against the employer. The employer appealed on the basis that the two orders issued by the referee resulted in overlapping awards.

On December 18, 1987, the board remanded the case to the referee for clarification. Upon remand, the referee, without hearing any additional evidence, issued a new decision which reversed both of his previous orders. Because the referee improperly exceeded the scope of the board's remand order, the board vacated the referee's decision.

The board reviewed the findings of fact made by the referee in the July 1, 1987 decision and found them supported by the record. Based on those findings of fact, the board issued an order granting the claimant's petition to set aside the final receipt and ordered the employer to pay compensation for total disability from April 24, 1981 to April 30, 1981. Additionally, the board ordered the employer to pay partial disability benefits for the period of May 7,

1981 until September 30, 1981 and to pay total disability from September 14, 1981 until April 25, 1985, and partial disability payments thereafter. The board granted the claimant's petition for his pulmonary problem but suspended compensation for that injury based on the claimant's receipt of compensation for his orthopedic injury, as to which he receives a higher compensation rate.

On appeal, the issues in this case involve (1) whether the employer unreasonably contested the claimant's petitions for compensation, thereby entitling claimant to attorney's fees; (2) whether the employer violated The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031, so as to warrant an assessment of penalties under section 435 of the Act, 77 P.S. § 991; and (3) whether the board erred in ordering that compensation for the claimant's pulmonary problem be suspended on the basis of his receipt of compensation for his orthopedic injury.

## 1. Attorney's Fees

Section 440 of the Act, 77 P.S. § 996, provides that a claimant is entitled to an award of attorney's fees unless the employer has a reasonable basis for contesting the claim petition. Our review of the record indicates that the employer had a reasonable basis for contesting the claims.

In *Chmiel v. Workmen's Compensation Appeal Board*, 65 Pa.Commonwealth Ct. 310, 442 A.2d 398 (1982), this court stated that the existence of an issue of the degree of disability may provide a reasonable basis for the contest. Additionally, although medical experts may agree as to the causation and the circumstances of an accident, conflicting medical testimony concerning the extent of a disability may justify a contest. *A.P. Green Refractories Co. v. Workmen's Compensation Appeal Board*, 44 Pa.Commonwealth Ct. 1, 403 A.2d 172 (1979).

Contrary to the claimant's medical expert, Dr. DeNovra, the employer's medical expert, Dr. Gross, concluded that the claimant could return to his previous job.

Q. At the time of your examination, Doctor, on November 9, 1983, were you able to arrive at an opinion with reasonable medical certainty with respect to whether or not the claimant was able to return to his pre-injury job, based on residuals of injury, if any, occurring on April 23, 1981?

A. Yes. Based on my examination, I felt he could return to his previous occupation, which was as boremaster and master cylinder tester.

Additionally, the claimant alleged total disability as a result of his pulmonary injury in September 1981. Dr. Barch, the employer's pulmonary medical expert, disagreed.

Q. Okay. Doctor, is this man totally disabled in your opinion based on his respiratory problems from returning to any form of gainful employment?

A. No.

The conflicting medical evidence concerning the extent of the claimant's disabilities forms a reasonable basis for the contest. Therefore, we conclude that the claimant is not entitled to attorney's fees.

## 2. Penalties

■ The claimant argues that the employer's unreasonable contest of his claims resulted in delaying the claimant's hearing, which would be a violation of section 401.1 of the Act, 77 P.S. § 710, which forbids delayed hearings and requires timely payment of compensation. However, as previously stated, the conflicting medical evidence in this case regarding the extent of claimant's disability justified the contest. "We believe that the claimant, therefore, is not entitled to attorney's fees, nor to a penalty, for the request for such is also based on the allegation that the contest was unreasonable." *A.P. Green Refractories Co.* 44 Pa.Commonwealth Ct. at 9, 403 A.2d at 176.

■ The claimant argues that the employer violated section 422 of the Act, 77 P.S. § 835, by refusing to supply to the claimant job descriptions that Dr. Gross, employer's

expert, referred to in his testimony. The relevant portion of section 422 of the Act, 77 P.S. § 835 provides:

Where an employer shall have furnished surgical and medical services or hospitalization ... or where the employe has himself procured them, the employer or employe shall, upon request, in any pending proceeding, be furnished with, or have made available, a true and complete record of the medical and surgical services and hospital treatment, including X-rays, laboratory tests, and all other medical and surgical data in the possession or under the control of the party requested to furnish or make available such data.

However, we do not agree with the claimant that a job description constitutes medical data. Therefore, we conclude that the employer has not violated section 422 of the Act, 77 P.S. § 835.

### 3. Compensation

The claimant contends that there is no lawful reason why he should not be able to collect full benefits under two separate claims. Therefore, the claimant argues that the board erred in ordering that compensation for claimant's pulmonary problem be suspended based on claimant's receipt of compensation for his orthopedic injury.

For purposes of receiving workmen's compensation, "disability" is a term synonymous with "loss of earning power." *Scobbie v. Workmen's Compensation Appeal Board*, 118 Pa.Commonwealth Ct. 424, 545 A.2d 465 (1988), *petition for allowance of appeal denied*, 522 Pa. 607, 562 A.2d 829 (1989). Sections 306 and 309 of the Act, 77 P.S. §§ 511–513, 582, indicate that the amount of compensation due to a claimant is limited by relating it to the claimant's average weekly wage. In *Ingram v. W.J. Rainey, Inc.*, 127 Pa.Superior Ct. 481, 193 A. 335 (1937), more than fifty years ago, the Superior Court held that the Act contains positive limitations on the amount that a claimant may receive, regardless of the character or extent of the disability. Therefore, although the claimant sustained injuries on two

separate occasions, each of which rendered him totally disabled, the court concluded that, even though the claimant's periods of disability overlap, the claimant could not receive more than the maximum amount proscribed by the Act. In this case, like *Ingram*, the claimant's periods of disability overlap. Therefore, the Board properly suspended compensation for the claimant's pulmonary problem because otherwise claimant would receive more than the amount of compensation allowable by the Act.

Because we find that the employer reasonably contested the claim and that the compensation award is proper, we affirm.

## ORDER

NOW, March 22, 1990, the order of the Workmen's Compensation Appeal Board, decision No. A–96759, dated June 12, 1989, is affirmed.