617 A.2d 48

**DELAWARE VALLEY FISH COMPANY and State Workmen's Insurance Fund, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (WOOLFORD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1992.

Decided Nov. 6, 1992.

388

John E. Marquis, for petitioners.

Lawrence Hannaway, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

The sole issues in this case are whether the employer met its burden of showing a reasonable contest and whether the allocation of attorney's fees as ordered by the referee and modified by the board are in accordance with section 440 of The Pennsylvania Workmen's Compensation Act.[1]

Cedric Woolford (decedent) died on April 3, 1987 as a result of injuries sustained in a traffic accident. On July 9, 1987, decedent's widow, Sheila Woolford (claimant) filed a fatal claim petition, alleging that at the time of his death, decedent was an employee of the Delaware Valley Fish Company (employer) and was acting within the scope of his employment. Employer filed an answer denying all material allegations of the claim petition. Hearings before a referee commenced on September 28, 1987 and continued until January 16, 1990. The referee granted the fatal claim petition after finding that,

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996.

at the time of his death, decedent was an employee and was acting within the scope of his employment.

The referee further found that the employer had presented a reasonable contest only as to the amount of decedent's average weekly wage, but had not established a reasonable contest as to minimum compensation. The referee approved the twenty percent fee agreement between claimant and counsel as reasonable, and determined that employer was liable for ongoing payment of two-thirds of the attorney's fee, while claimant remained liable for the remaining one-third.

The board affirmed the referee's finding of an unreasonable contest and also the referee's allocation of attorney's fees. The board found, however, that the referee had miscalculated the weekly rate of compensation, and therefore adjusted both the rate of compensation and accompanying award of attorney's fees accordingly. Employer now argues that the referee erred in finding an unreasonable contest and, further, that the referee's allocation of attorney's fees was improper.

Our scope of review is whether there has been a violation of constitutional rights, error of law, or whether necessary findings of fact are supported by substantial evidence. *Southland Cable v. Workmen's Compensation Appeal Board (Emmett)*, 142 Pa.Cmwlth. 612, 598 A.2d 329 (1991).

Section 440 relevantly provides:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee ...: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established ... .

■ The burden of presenting sufficient evidence to establish a reasonable basis for the contest is on the employer. *Majesky v. Workmen's Compensation Appeal Board (Transit America)*, 141 Pa.Cmwlth. 398, 595 A.2d 761 (1991). Whether a reasonable contest has been established for the purpose of

an award of attorney's fees is a question of law subject to review by this court. *Id.*

In the present case, the referee determined that employer had unreasonably contested the issue of claimant's employment status. Claimant's fatal claim petition was filed on July 9, 1987. Employer filed its answer on July 30, 1987, in which it denied the existence of an employer/employee relationship. For the next sixteen months, employer continued to deny the existence of an employment relationship, only to have employer's own witness admit that decedent did in fact work for employer.[2] Furthermore, the referee noted at the final hearing that the record would be kept open in order that employer might introduce evidence showing that the contest was reasonable. No further evidence was submitted. Having failed to introduce any evidence, we must agree that employer has not met its burden of establishing a reasonable basis for the contest.

■ The referee, however, also found that employer's contest of the amount of claimant's average weekly wage was reasonable. Employer now argues that this finding necessarily shows that the entire contest was reasonable. Employer correctly cites cases holding that the existence of an issue as to the degree of disability may provide a reasonable basis for contest and the denial of attorney's fees. *See, e.g., Varghese v. Workmen's Compensation Appeal Board (M. Cardone Industries)*, 132 Pa.Cmwlth. 482, 573 A.2d 630 (1990); *Chmiel v. Workmen's Compensation Appeal Board*, 65 Pa.Cmwlth. 310, 442 A.2d 398 (1982). Employer now argues that these cases mandate a finding of reasonable contest where, as here, the dispute as to the average weekly wage is reasonable. We do not agree.

■ We have held that reasonableness of an employer's contest depends on whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant. *White v. Workmen's Compensation Appeal Board (Gateway Coal Co.)*, 103 Pa.Cmwlth. 397, 520 A.2d 555 (1987).

**2.** Reproduced Record (R.) at 28a.

In the cases cited by employer, the facts of each case reveal that a genuinely disputed issue which would determine compensation was litigated; therefore resulting in a finding of reasonable contest. For example, in *Varghese*, claimant alleged total disability, while employer's expert testified that claimant could return to his previous job. In *Chmiel*, claimant apparently sought compensation for total disability, but later stipulated that jobs were available which he could perform. The referee awarded benefits for only partial disability, and the contest was ultimately found to be reasonable because employer had no reason to suppose that claimant was not seeking compensation for total disability.

In the present case, the threshold issue was the existence of an employment relationship. Employer unreasonably denied such a relationship and delayed the litigation for some sixteen months only to then admit to liability. Although litigation of the amount of average weekly wage was found to be reasonable and, in fact, resulted in the acceptance of employer's figures, this cannot change the fact that employer's total denial of liability was unreasonable. Furthermore, although we find no cases holding contests to be "partially unreasonable," we conclude that the referee has the discretion to do so and did not err in this case.

■ Next, employer argues that the referee's award of counsel fees as a percentage of claimant's continuing compensation violates the "reasonable sum" provision of section 440.

In *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service )*, 140 Pa.Cmwlth. 51, 592 A.2d 358 (1991), we held that the fee authorized by section 440 is limited to a "reasonable sum." We further stated that when such a sum is reasonably related to the work actually done by the attorney, the purpose of section 440 is served.

■ We find, however, that employer has waived this argument. In its appeal from the referee's decision, employer raised two issues: the miscalculation of compensation based on decedent's weekly wage, which the board modified, and the referee's finding regarding the reasonableness of the contest.

Employer did not preserve the issue of the amount of attorney's fees assessed by the referee. We recently held that merely raising the issue of reasonableness of contest does *not* preserve the issue of whether the *amount* of attorney's fees assessed by the referee was reasonable. *Transamerican Office Furniture v. Workmen's Compensation Appeal Board (Fanta)*, 149 Pa.Cmwlth. 95, 612 A.2d 598 (1992).

Accordingly, the order of the board is affirmed.

## ORDER

NOW, this 6th day of November, 1992, the order of the Workmen's Compensation Appeal Board, dated January 14, 1992, at No. A90–1961, is affirmed.