**Kate URBAN, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BURLINGTON COAT FACTORY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 20, 2000.

Decided Dec. 6, 2000.

Thomas F. Sacchetta, Media, for petitioner.

Julie L. Coyle, Philadelphia, for respondent.

Before COLINS and PELLEGRINI, Judges, McCLOSKEY, Senior Judge.

COLINS, Judge.

Kate Urban (Claimant) petitions for review of the June 26, 2000 order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ)

---

granting the suspension/modification petition filed by Burlington Coat Factory (Employer). We affirm.

On April 15, 1993, Urban sustained a left-knee injury during the course and scope of her employment. Urban did not leave her job immediately, but subsequently experienced periods of partial and total disability. Urban underwent various medical procedures on her left knee ranging from arthroscopic surgery in October of 1993, to a knee operation involving a fixation screw on September 22, 1994. In approximately April 1996, Urban again became disabled as a result of her left knee and was unable to work. She was treated by Dr. William Murphy, who on or about September 25, 1996, released Urban to return to modified, sedentary work duties.

Pursuant to Dr. Murphy's directive, Employer's vocational case manager, Terence Walsh,[1] referred Urban to ten available positions that offered possible sedentary work, of which eight were approved by Dr. Murphy as being within Urban's physical restrictions. The record additionally states that, prior to her work injury and continuing into the present, Urban had been medically diagnosed as suffering from a non-work-related condition known as agoraphobia,[2] for which she takes anti-anxiety medications. According to the record, Urban's agoraphobia precludes her from traveling more than four or five miles from her house without experiencing panic attacks.

After a hearing and review of the record, the WCJ accepted as credible Dr. Murphy's opinion that Urban had sufficiently recovered from her work injury to return to modified employment, and that out of the eight medically approved positions offered by Employer, Urban failed to apply to five of them because of her agoraphobia. The WCJ further concluded that Employer had met its burden of providing available job referrals within the medical limitations of Urban's work-related injury, and that in doing so, Employer was not under any obligation to consider Urban's non-work-related medical conditions, including her agoraphobia. By order dated June 26, 2000, the Board affirmed the WCJ's decision. This appeal followed.[3]

On appeal, Urban argues that the Board erred in affirming the WCJ's decision in that Employer should have considered Urban's prior medical condition in determining whether or not a job was *actually available* to Urban. In support of its argument, Urban points to *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 251, 532 A.2d 374, 379 (1987), as requiring that a job offering to a claimant may be deemed available only when it can be performed within the parameters of claimant's physical restrictions and limitations, age, intellectual capacity, education, previous work experience, and other relevant considerations such as place of residence.

Urban also contends that she demonstrated a good faith attempt to pursue five of the positions offered by Employer that were within the range of her physical limitations. In contrast, Urban avers that the five positions offered to her by Employer that were not within said range of restric-

1. Terence Walsh, the Vocational Case Manager at Genex Services, works as a liaison between the injured individual and the employer/insurance company, and is responsible for counseling injured individuals regarding their medical and vocational options.

2. "Agoraphobia" is defined as an intense, irrational fear of open spaces, characterized by marked fear of being alone or of being in public places where escape would be difficult or help might be unavailable, also referred to as "panic disorder with agoraphobia." *Dor-*

*land's Illustrated Medical Dictionary*, Edition 28, 1994.

3. Our scope of review of a Workers' Compensation appeal Board decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182 (Pa. Cmwlth.1998).

tions, including her agoraphobia, demonstrate Employer's bad faith.

We disagree. In *Newcomer v. Workmen's Compensation Appeal Board (Ward Trucking Corporation)*, 547 Pa. 639, 643, 692 A.2d 1062, 1064 (1997), in which Newcomer was a claimant employed by the Ward Trucking Company (WTC), our Supreme Court unequivocally reaffirmed that "[e]stablishing a link between the disability and the accident is critical to Newcomer's claim, since WTC is not required to accommodate physical limitations arising from disabilities that were not caused by the workplace accident." Applying the foregoing rationale to the present matter, we find that in fulfilling its responsibility of making positions available to Urban, Employer was under no obligation to consider the distance of each position from Urban's home within the context of her non-work-related agoraphobia. We therefore concur with the Board's affirmance of the WCJ's determination that Employer met its burden of offering Urban available positions within the ambit of physical limitations resulting from her work-related injury.

Accordingly, the order of the Workers' Compensation Appeal Board is affirmed.

### *O R D E R*

AND NOW, this 6th day of December 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.