**Wilbur CROUSE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NPS ENERGY SVC), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 26, 2002.

Decided June 26, 2002.

*District of Philadelphia,* 654 A.2d 29 (Pa. Cmwlth.1994) (milk leaked from a trash bag to concrete pavement).

Mario R. Bordogna, Harrisburg, for petitioner.

Mary T. Stark, Philadelphia, for respondent.

Before PELLEGRINI, Judge, COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Wilbur Crouse (Claimant) petitions for review from the November 29, 2001 order of the Workers' Compensation Appeal Board (Board) that reaffirmed its November 22, 1999 order affirming, as modified, the order of Workers' Compensation Judge James Deely (WCJ). The Board's November 22, 1999 order affirmed the WCJ's order granting unreasonable contest fees;[1] however, it modified the order to award fees for the closed period of June 14 through December 28, 1995. In this appeal, we are asked to consider whether an unreasonable contest may become reasonable at some later point in the proceedings and thereby end an employer's exposure to unreasonable contest fees for fees incurred *after* producing evidence sufficient to support a finding of reasonable contest. For the reasons that follow, we affirm the Board's order.[2]

On June 28, 1995, Claimant filed a petition for workers' compensation benefits alleging that he injured his right shoulder and sustained pain in his neck, right shoulder, arm and hand on April 26, 1995 during the course of his employment with NPS Energy SVC (Employer). Employer filed a timely answer denying the material allegations of Claimant's petition.

The WCJ granted Claimant's petition and awarded him $509.00 per week in workers' compensation benefits. In his order, the WCJ found that Employer engaged in an unreasonable contest of Claimant's petition because Employer's expert medical witness did not examine Claimant until December 28, 1995, eight months after the work injury. (WCJ's January 23, 1997 decision, p. 7). Accordingly, the WCJ

1. Section 440 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996, provides that

[i]n any contested case where the insurer has contested liability in whole or in part, ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

2. On review, we are limited to determining whether constitutional rights were violated, an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *Urban v. Workers' Compensation Appeal Board (Burlington Coat Factory)*, 763 A.2d 564 (Pa.Cmwlth.2000).

ordered Employer to pay attorney's fees in the amount of $6,544.00, representing counsel fees incurred by Claimant from June 14, 1995 through September 13, 1996. (Original Record, Claimant's Exhibit 5)

Employer appealed to the Board, which affirmed the WCJ's award of benefits to Claimant. It modified, however, the WCJ's award of unreasonable contest fees.[3] The Board reasoned that once Employer came into possession of medical evidence supporting its position, its contest of Claimant's petition became reasonable. Consequently, the Board held Employer responsible only for Claimant's attorney's fees incurred through December 28, 1995, the date that Employer's expert medical witness conducted an independent medical exam (IME) of Claimant.

■■■ Claimant now appeals to this Court contending that the Board erred in modifying the WCJ's award of unreasonable contest fees. Initially, we note that the employer bears the burden of presenting sufficient evidence to establish a reasonable basis for contesting a claim petition. *Lemon v. Workers' Compensation Appeal Board (Mercy Nursing Connections)*, 742 A.2d 223 (Pa.Cmwlth.1999), *appeal denied*, 562 Pa. 676, 753 A.2d 822 (2000). The existence of a reasonable contest is a question of law, based on the WCJ's findings of fact, and thus, fully reviewable by this Court. *Id.*

■■■ Employer maintains that its contest of the claim petition was reasonable since it produced conflicting medical testimony and Claimant's credibility was always at issue. Employer's position, however, disregards the fact that both the WCJ and the Board awarded unreasonable contest fees for the period of June 14 through December 28, 1995. (*See* WCJ's January 23, 1997 decision, p. 7; Board's November 22, 1997 order, p. 4). Despite its assertions, Employer failed to challenge that conclusion on appeal. Therefore, Employer cannot use its prior conduct, which was found to be unreasonable, to bolster its position that it did not engage in an unreasonable contest.

The issue, rather, is whether Employer's unreasonable contest of the claim petition became reasonable as of December 28, 1995 by virtue of the supporting IME. Responding in the negative, Claimant simply argues that Employer failed to have the required medical evidence at the time that it decided to contest the claim petition and that, therefore, its contest remained unreasonable throughout the proceedings. *See Yeagle v. Workmen's Compensation Appeal Board (Stone Container Corp.)*, 157 Pa.Cmwlth. 597, 630 A.2d 558 (1993)(to reasonably contest an injury's relation to work, an employer must have in its possession, at the time the decision to contest is made or shortly thereafter, medical evidence supporting that position). *Compare Eidell v. Workmen's Compensation Appeal Board (Dana Corp.)*, 155 Pa.Cmwlth. 254, 624 A.2d 824 (1993)(when an employer

---

**3.** The Board's November 22, 1999 order also remanded the matter to the WCJ for a determination of whether Employer was entitled to a credit against unemployment compensation benefits received by Claimant. Claimant filed a petition for review of that order with this Court, which Senior Judge Warren Morgan dismissed by order dated January 10, 2000. *See Wilbur Crouse v. Workers' Compensation Appeal Board (NPS Energy SVC)*, (Pa.Cmwlth., No. 3212 C.D.1999, filed January 10, 2000).

On remand, WCJ Charles F. Clark determined that Employer was indeed entitled to credit against Claimant's unemployment compensation benefits for the same time period that he received workers' compensation benefits. Claimant appealed to the Board solely to preserve the issue of unreasonable contest. He does not challenge WCJ Clark's determination that Employer is entitled to a credit.

files a petition to modify or terminate benefits, it must have a factual basis for filing the petition, and where medical evidence is required, the employer must have that evidence at the time it filed. If there is no such factual basis, then the employer is acting unreasonably in filing the petition).

Conversely, Employer maintains that it had a reasonable basis to question whether a work-related injury occurred and the extent of that injury. In that regard, the WCJ stated as follows:

> I could find no reasonable basis for this contest. Dr. Van Sant's [Employer's expert medical witness] opinion was based upon an event that [Claimant] stated never happened. Claimant did not make any admission to the doctor. Of course doctors rely upon medical records and reports but that is for medical treatment and not for events such as pulling a lawn mower cord, especially when [Claimant] denied that the event happened. It is not uncommon for there to be factual mistakes in medical records experienced. Just because a [hearsay] document is admissible does not mean that all parts of it are admissible. I could not base a finding on a note from the physical therapist that the [event] occurred. Therefore, I did not think the opinion of Dr. Van Sant was based on any fact that was established by the record.
>
> The question of reasonable contest is not based upon who prevails. Dr. Van Sant did give an opinion. However, this was a Claim Petition. Claimant had an injury and had surgery. The injury was a significant trauma. He had immediate continuing medical treatment. Examination by the doctor was not until some months post surgery. It was in the nature of a termination or suspension defense. I could not see a reasonable basis to protest the Claim Petition.

(WCJ's January 23, 1997 decision, p. 7)

Employer contested Claimant's petition asserting, *inter alia,* that the injury was not work-related. However, it offered no credible testimony to rebut Claimant's testimony to that effect.[4] Hence, Employer failed to demonstrate that it had a reasonable basis to question Claimant's allegations regarding the nature of his injury. At the time of the IME, Employer's contest was already a *fait accompli.* Therefore, the IME could not cure Employer's previous unreasonable contest. *See Pruitt v. Workers' Compensation Appeal Board (Lighthouse Rehab.),* 730 A.2d 1025 (Pa. Cmwlth.1999)(where the employer's medical examination did not take place until eight months after the injury, the contest of the claimant's petition was a *fait accompli* and *post hoc* medical exam could not cure the defect). And, as we have previously noted, Employer failed to challenge the determination that its contest from June through December 28, 1995 was unreasonable.

Nevertheless, we recognize that the existence of the degree of disability may provide a reasonable basis for contesting a claim so as to avoid an award of attorney's fees. *Pruitt; Varghese v. Workmen's Compensation Appeal Board (M. Cardone Indus.),* 132 Pa.Cmwlth. 482, 573 A.2d 630 (1990). Additionally, in *Eidell,* we recognized that the nature of the contest might

---

4. The only evidence offered by Employer was Dr. Van Sant's testimony that his file contained a physical therapy note indicating that Claimant aggravated his work injury when attempting to start a lawn mower on May 11, 1995. The WCJ rejected this testimony because Claimant denied that the event occurred and Dr. Van Sant's testimony was based on hearsay. Employer did not present any evidence rebutting Claimant's version of the work injury.

change depending on the totality of the circumstances of the case.

In *Eidell,* the employer filed a modification petition alleging that the claimant was capable of performing light-duty work and that he failed to follow up on several job referrals in good faith. Although scheduled, five hearings before the referee[5] were not held, in part, because the employer's vocational expert failed to appear.

When the employer requested yet another continuance for the same reason, the referee dismissed the modification petition. The referee also granted the claimant's request for unreasonable contest fees, finding that because the employer withdrew the modification petition, no reasonable contest existed. On appeal, the Board reversed.[6]

We vacated and remanded the Board's decision in *Eidell,* concluding that the employer acted reasonably in filing the modification petition because all of the medical experts agreed that the claimant was capable of returning to light-duty work and it had evidence of job availability. We further determined, however, that the employer did not present any evidence that the claimant failed to follow up on the job referrals because its vocational expert failed to appear. Hence, the employer's contest became unreasonable during the proceedings. Accordingly, we remanded the matter for a determination as to when the employer knew or reasonably should have known that it could not produce its vocational expert to testify.

Although factually distinguishable, our decision in *Eidell* makes clear that a con-

test that is originally reasonable might become unreasonable based on the totality of the circumstances and that facts occurring during the litigation process must be considered in a decision to award attorney's fees. *Eidell* (citing *Spangler v. Workmen's Compensation Appeal Board (Ford),* 145 Pa.Cmwlth. 56, 602 A.2d 446 (1992); *Arbogast & Bastian v. Workmen's Compensation Appeal Board (Moyer),* 143 Pa.Cmwlth. 447, 599 A.2d 275 (1991); *Majesky v. Workmen's Compensation Appeal Board (Transit Am., Inc.),* 141 Pa. Cmwlth. 398, 595 A.2d 761 (1991)).

In *Kuney v. Workmen's Compensation Appeal Board (Cont'l Data Sys.),* 127 Pa. Cmwlth. 628, 562 A.2d 931 (1989), the employer filed a timely notice of compensation denial, but indicated that an investigation into the claim was continuing. We noted that the existence of conflicting medical testimony might have provided a reasonable basis for contesting liability; however, the factual basis for contesting liability should have been set forth in the denial as required by Section 406.1 of the Act.[7] In concluding that the employer failed to carry its burden, we stated that

> [the employer] initiated this contest without any evidence and, when such evidence was subsequently secured, it was inadequate. What began as an unreasonable contest remained unreasonable. Nor can [the employer's] belated attempt to employ a *post-hoc* justification or assert a factual issue which could and should have been recited in their Notice of Denial of Compensation convert this contest from one which was

---

**5.** Prior to the 1993 amendments to the Act, workers' compensation judges were referred to as referees. *See* the Act of July 2, 1993, P.L. 190, commonly referred to as Act 44.

**6.** The Board concluded that since the employer did not withdraw the modification petition

but rather the referee dismissed it, the referee's award of attorney's fees was in error.

**7.** 77 P.S. § 717.1. This section was added by Section 3 of the Act of February 8, 1972, P.L. 25.

unreasonable into one which is reasonable.

*Id.* at 935.

Implicitly then, an employer's contest might become reasonable at some later point in the proceedings. Establishing reasonable contest via after-acquired medical evidence, however, will not negate an unreasonable contest undertaken prior to a supporting IME. Of course, the employer will still be held accountable for an unreasonable contest prior to obtaining a supporting IME and further bears the risk that its medical testimony will be insufficient to establish a reasonable contest.

■ Accordingly, we now hold that an unreasonable contest might become reasonable at some later point in the proceedings and ·thereby end an employer's exposure to unreasonable contest fees for fees incurred *after* producing evidence sufficient to support a finding of reasonable contest.

Presently, Dr. Van Sant testified that (1) Claimant had recovered well from his injury until he tried to pull start a lawn mower, (2) his cervical disk surgery was unrelated to the work injury, (3) he had arthritic changes in the cervical area, (4) the pain Claimant experienced when starting a lawn mower was not related to the work injury, and (5) Claimant was not suffering any residual effects of the work injury as of the date of his examination. Dr. Van Sant's opinion was in conflict with Claimant's expert medical witness as to the extent of the work injury. If found to be credible, Dr. Van Sant's opinion would have been sufficient to award Claimant benefits for a closed period. Thus, we conclude that the Board did not err in concluding that Employer's unreasonable contest became a reasonable one as of the date of Dr. Van Sant's examination of Claimant.

Accordingly, we affirm.

### ORDER

AND NOW, this 26th day of June, 2002, the November 29, 2001 order of the Workers' Compensation Appeal Board is AFFIRMED.

DISSENTING OPINION BY Judge PELLEGRINI.

Because I disagree with the majority that the Employer's contest became reasonable when it obtained an Independent Medical Examination (IME) six months after the claim petition was filed, I respectfully dissent.

On June 28, 1995, Claimant filed a claim petition alleging that on April 26, 1995, he suffered an injury while working as a pipefitter with Employer. Employer filed an answer denying the allegations. The WCJ granted the claim petition and determined that because Employer's expert medical witness did not examine Claimant until December 28, 1995, eight months after the injury and six months after the claim petition was filed, the Employer engaged in an unreasonable contest and ordered it to pay attorney's fees in the amount of $6,544. The Board affirmed the WCJ's award of benefits, but modified the contest fees, reasoning that once the IME had been obtained, the contest became reasonable and held Employer responsible for counsel fees only until the date of the IME, December 28, 1995. I disagree with the majority's affirmance of the Board's decision because I do not believe that after-acquired medical evidence can turn an unreasonable contest into a reasonable one.

The purpose of awarding counsel fees under Section 996 of the Workers' Com-

pensation Act[1] is to deter unreasonable contests of workers' claims and to insure that successful claimants receive compensation undiminished by costs of litigation. *Ramich v. Workers' Compensation Appeal Board (Schatz Electric, Inc.)*, 564 Pa. 656, 770 A.2d 318 (2001). With that purpose in mind, in *Pruitt v. Workers' Compensation Appeal Board (Lighthouse Rehabilitation)*, 730 A.2d 1025 (Pa.Cmwlth.1999), where an employer did not conduct an IME until eight months after the injury occurred, when the contest was already *fait accompli*, we held that the subsequently acquired medical evidence could not provide a reasonable basis for a contest and found that counsel fees were appropriate. *Id.* at 1028–29. We found that "at the time Employer originally chose to contest payment of compensation, Employer had no reasonable grounds to do so, and [the doctor's] *post hoc* examination does not cure this defect." *Id.* at 1029. *See also Boyer v. Workers' Compensation Appeal Board (First Capital Insulation, Inc.)*, 740 A.2d 294 (Pa.Cmwlth.1999) (holding that because the medical examination did not take place until ten months after the reinstatement petition was filed and because the contest was already *fait accompli* before the examination took place, that the doctor's *post hoc* examination and testimony could not provide a reasonable basis for the contest.).

Accordingly, because an employer is to make a decision about workers' compensation benefits at the time a claim for compensation is filed, and not, as here, where the Employer denied Claimant's claim without any medical evidence and failed to procure such evidence until six months after its contest began, I would reverse the Board's order and reinstate the WCJ's order awarding full counsel fees.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2606.77 P.S. § 996. § 996, which provides:

    In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.