### RANBAR TECHNOLOGY, INC., Petitioner,

v.

### WORKERS' COMPENSATION APPEAL BOARD (RILEY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 13, 2003.

Decided Aug. 6, 2003.

Reargument Denied Oct. 1, 2003.

Michael B. Dodd, Pittsburgh, for petitioner.

Amiel B. Caramanna, Jr., Pittsburgh, for respondent.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

COLINS, President Judge.

Ranbar Technology, Inc. (Employer) appeals from the October 29, 2002 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) on remand that granted a claim petition filed by Thomas Riley (Claimant) and denied Employer's appeal.

Claimant was employed as a kettle operator, and on February 1, 1995, he filed a claim petition alleging that on June 16, 1994 and prior thereto, he sustained an organic brain syndrome and depression as a result of his exposure to chemicals while working for Employer. The WCJ denied the claim after finding that Claimant had not met his burden of establishing that he incurred a work-related injury on June 16, 1994. Specifically, the WCJ drew a negative inference from Claimant's failure to submit a hospital admission record supporting his claim of chemical exposure on the job.

Claimant appealed, alleging that the WCJ's decision was not based on substantial competent evidence. Claimant also filed a petition for rehearing, requesting a remand for the purpose of presenting, for the WCJ's consideration, records he subsequently received from the Veteran's Administration for medical treatment from January 7, 1996 through April 7, 1998. By an opinion and order dated October 5, 1999, the Board vacated the WCJ's decision and remanded the matter to allow Claimant the "opportunity to enter these

records as well as any necessary medical testimony in support thereof, especially considering the negative inference made by the WCJ as a result of [Claimant's] failure to produce such records." In its order, the Board also directed that Employer be given the opportunity to submit medical testimony in opposition to Claimant's additional evidence.

After additional hearings on remand, the WCJ on September 6, 2001, granted Claimant's claim petition after concluding that Claimant had established that he suffered from pre-existing dementia and hallucinations that were aggravated by chemical exposure in the workplace, along with decreased mental awareness as a result of said exposure. Employer appealed, and by a decision circulated October 29, 2002, the Board affirmed the WCJ's remand decision. This appeal followed.[1]

On appeal, Employer argues that the Board erred in admitting medical records and reports of Claimant beyond the scope of the remand order, thereby resulting in inappropriate expansion of issues before the WCJ and resultant confusion. Specifically, Employer points to the confusion arising as to Claimant's alleged injury date, which was amended twice on remand, once by Claimant at the final remand hearing to June 3, 1994, and thereafter by the WCJ in his remand decision to June 16, 1994. It is Employer's position that the records submitted by Claimant do not support a June 16, 1994 injury date, but rather support a June 3, 1994 injury date. Employer additionally contends that the records submitted by Claimant pursuant to the remand order relate to a different incident, a different mode of injury, different complaints, and different alleged chemical "exposure" than previously averred on Claimant's initial claim petition. Therefore, avers Employer, the WCJ's amendment of Claimant's injury date to June 16, 1994 is erroneous. Finally, Employer maintains that the WCJ's decision is unsupported by substantial evidence and cannot be considered a "reasoned decision." In support of this assertion, Employer refers to the fact that the WCJ's remand decision contained credibility determinations in favor of Claimant, which determinations were directly contrary to the credibility determinations in Employer's favor found in the WCJ's initial decision.

Upon review, we concur with the Board's affirmance of the WCJ's decision except with regard to the WCJ's amendment of Claimant's injury date from June 3, 1994 to June 16, 1994. With respect to Employer's challenge to the Board's vacating the WCJ's initial determination and to the subsequent admission of additional records submitted by Claimant on remand, our Supreme Court in *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 557, 539 A.2d 792, 794 (1988), stated:

> The Board has *broad* powers to grant a rehearing . . . .
>
> One of the purposes of the workmen's compensation laws is to give a claimant full opportunity to present whatever competent evidence he desires to reach the merits of the case. In harmony with this liberal tendency, the courts have held that the board has broad powers to grant a rehearing *when justice requires*
>
> . . . .
>
> When the Board grants a petition for rehearing, the Board is unrestrict-

---

1. On review, we are limited to determining whether constitutional rights were violated, an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *Urban v. Workers' Compensation Appeal Board (Burlington Coat Factory)*, 763 A.2d 564 (Pa.Cmwlth.2000).

ed in receiving additional, competent testimony.

(Citations and footnotes omitted.)

In Finding of Fact No. 8 of the WCJ's initial decision, the WCJ drew a negative inference from the fact that Claimant failed to submit any records substantiating a hospital admission on June 16, 1994, as was stated in the claim petition prior to Claimant's amendment of the date to June 3, 1994. At the remand hearing on April 19, 2001, Claimant's counsel amended the work injury date to June 3, 1994, and Claimant was permitted, "in the interests of justice," to submit medical records and evidence received by Claimant after the WCJ's initial decision had circulated. We note that the Board, in granting Claimant's remand request "in the interests of justice" to allow Claimant's submission of medical evidence received after the WCJ's decision was circulated, specifically directed that Employer be afforded an opportunity to present medical testimony in opposition to Claimant's additional testimony and records. Moreover, it is well established that credibility determinations and evaluations of the weight of the evidence are within the province of the WCJ as the finder of fact, and the WCJ may accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Continental Baking Co. v. Workmen's Compensation Appeal Board (Hunt)*, 688 A.2d 740 (Pa.Cmwlth.1997). Our appellate role is not to reweigh the evidence or review the credibility of witnesses, but rather to determine whether the WCJ's findings are supported by the record as a whole. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). Here, the WCJ found the medical testimony submitted on Claimant's behalf on the remand petition, specifically hospital records substantiating both the fact of Claimant's June 3, 1994 work injury, and the testimony of Claimant's treating physician Millard Trott, M.D., more credible and persuasive than Employer's rebuttal evidence.

■ We concur with Employer's contention that the WCJ erred in re-amending the onset date of Claimant's work injury to June 16, 1994, when the record indicates that Claimant was treated on June 3, 1994 for work-related chemical exposure. Both the Mercy Hospital records and the Shaler Area Emergency Medical Service Incorporated records reflect that on June 3, 1994, Claimant was treated for chemical burns he sustained at the workplace from an ammonia hydroxide solution. Additionally, Claimant submitted records from the Veterans Administration Hospital indicating that he had suffered an organic affective disorder with related psychotic symptoms, secondary to solvent exposure in the workplace. Considering the foregoing, Claimant on remand properly amended his work injury date to June 3, 1994, and the WCJ erred by subsequently changing the work injury date to June 16, 1994.

■ Finally, we find Employer's averments that the WCJ's determination on remand was not supported by substantial evidence, and that it was not a "reasoned decision" to be without merit. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. After reviewing the record, we conclude that substantial evidence supports the Board's affirmance of the WCJ's decision, except as to the WCJ's erroneous amendment of Claimant's work injury date.

■ We similarly reject Employer's argument that the WCJ failed to render a

"reasoned decision." Section 422(a) of the Workers' Compensation Act,[2] provides in pertinent part:

All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

Recently, in *Daniels v. WCAB (Tristate Transport)*, — Pa. —, 828 A.2d 1043 (2003), slip op. at 14 and 17, the Supreme Court stated that

[A] decision is "reasoned" for purposes of Section 422(a) if it allows for adequate review by the WCAB without further elucidation and if it allows for adequate review by the appellate courts under applicable review standards.... [T]he Act requires that, in rendering a reasoned decision in a case with conflicting evidence, the WCJ "must adequately explain the reasons for rejecting or discrediting competent evidence." ... The

point is that, absent the circumstance where a credibility assessment may be said to have been tied to the inherently subjective circumstance of witness demeanor, some articulation of the actual objective basis for the credibility determination must be offered for the decision to be a "reasoned" one which facilitates effective appellate review.

Applying the foregoing guidelines to the present matter, we conclude that the WCJ rendered a thorough, reasoned decision in concluding that Claimant successfully established a work-related injury entitling him to benefits. The WCJ's remand decision indicates that he considered the medical evidence submitted by Claimant on remand, specifically, medical records from Veteran's Administration, Shaler Area Emergency records and Mercy Hospital medical records, all of which pertained to medical services that Claimant received on June 3, 1994, relating to occupational chemical exposure testing, diagnosis and treatment. The WCJ noted that part of Claimant's Veteran's Administration medical records stated that Claimant suffered from "organic affective disorder, secondary to solvent exposure in the work place" and "organic brain syndrome secondary to chemical solvent exposure in the work place."

The WCJ reviewed the foregoing records in conjunction with prior evidence of record submitted by Claimant, and concluded that the former corroborated the findings of Millard Trott, M.D., Claimant's treating physician. Dr. Trott had determined that Claimant suffered from pre-existing dementia and hallucinations that were aggravated by chemical exposure at his job with Employer, resulting in a decrease in Claimant's mental acuity. As a

2. Act of June 2, 1915, P.L. 736, as amended,    77 P.S. § 834.

result of said exposure, Claimant was not released by Dr. Trott to return to work at his pre-injury position. The WCJ articulates that the new evidence submitted by Claimant on remand, when considered in conjunction with the prior evidence of record, constitutes the objective basis of his finding the testimony of Dr. Trott more credible and convincing than the testimony of Employer's medical witness, Stuart Burstein, M.D.

Based upon the foregoing, we therefore affirm the order of the Workers' Compensation Appeal Board, affirming the WCJ's decision, except as to the WCJ's erroneous amendment of Claimant's injury date. Accordingly, to ensure proper calculation of Claimant's benefits, we direct the Board to effectuate the WCJ's correction of the injury date from June 16, 1994 to June 3, 1994.

### ORDER

**AND NOW,** this 6th day of August 2003, the order of the Workers' Compensation Appeal Board is **AFFIRMED** except as to the WCJ's erroneous amendment of Claimant's injury date. We further direct the Board to effectuate the WCJ's correction of Claimant's injury date from June 16, 1994 to June 3, 1994, to ensure proper calculation of benefits.