IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glenny Torres, : 
              Petitioner : 
    : 
    v. : No. 1398 C.D. 2022
    : Submitted: December 4, 2023
Amazon.com Services LLC : 
(Workers' Compensation Appeal : 
Board), : 
            Respondent : 


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY JUDGE WALLACE                          FILED: April 9, 2024


Glenny Torres (Claimant) petitions for our review of the Workers' Compensation Appeal Board's (Board) November 16, 2022 order (Board's Order), which partially modified Workers' Compensation Judge (WCJ) Wayne Fegley's (WCJ Fegley) order granting Claimant's request for attorney's fees pursuant to Section 440 of the Workers' Compensation Act (the Act).[1] After careful review, we reverse, in part, the Board's Order, and remand to the Board with instructions to vacate the portion of WCJ Fegley's order awarding attorney's fees for an unreasonable contest and remand to the WCJ.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710. Section 440 was added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 996.

## I. Factual and Procedural History

On September 17, 2020, Claimant, then an employee of Amazon.com Services LLC (Employer), sustained a work-related injury to her lower back while "[u]nloading trucks and palletizing freight." Reproduced Record (R.R.) at 28a-31a, 77a-79a. Employer acknowledged Claimant's injury, reduced her work duties, and supplied her with a list of suggested physicians. *Id.* at 31a-32a, 79a. On October 5, 2020, Employer filed a medical-only Notice of Temporary Compensation Payable with the Bureau of Workers' Compensation which indicated Claimant's date of injury was September 24, 2020, the day Claimant reported her injury to Employer, instead of September 17, 2020. *Id.* at 1a-2a. On November 18, 2020, Employer issued a Notice Stopping Temporary Compensation and a Notice of Workers' Compensation Denial. *Id.* at 3a-6a. In response, Claimant's attorney filed claim petitions under the Act on March 30, 2021 (Claim Petition I), and on April 28, 2021 (Claim Petition II), respectively.[2] *Id.* at 77a-78a. Claimant's claim petitions alleged, among other things, that she was unable to work after November 30, 2020, on account of her injury. *Id.* at 7a-11a, 37a. Employer timely denied Claimant's allegations. *Id.* at 13a-15a.

By decision and order circulated March 4, 2022 (WCJ Fegley's Order), WCJ Fegley concluded, "[b]ased on the credible and accepted evidence of record considered in its entirety," Claimant suffered a work-related injury on September 17, 2020. R.R. at 91a. However, WCJ Fegley also determined Claimant had "fully recovered" as of June 24, 2021, and was no longer entitled to ongoing workers'

---

[2] Claim Petition I used Employer's controlling date, *see* Section 315 of the Act, 77 P.S. § 602, of September 24, 2020, whereas Claim Petition II used the actual date of Claimant's injury, September 17, 2020. R.R. at 77a. WCJ Fegley consolidated Claim Petition I and Claim Petition II after an off-the-record discussion between the parties confirmed the claim petitions were, effectively, the same. *Id.* 20a-21a.

compensation (WC) benefits. *Id.* at 91a-92a. WCJ Fegley awarded Claimant: (i) temporary partial disability benefits for the closed period of November 18, 2020, to December 29, 2020, (ii) temporary total disability benefits for the closed period of December 30, 2020, to June 23, 2021, (iii) expenses for reasonable and necessary medical treatment collaterally related to her injury, (iv) litigation costs, and (v) attorney's fees under Section 440 of the Act, 77 P.S. § 996 (Section 440), in the amount of $8,850.00. *Id.* at 94a. In granting Claimant's request for attorney's fees, WCJ Fegley found:

> [Employer] did not present a reasonable contest based on the accepted evidence of record, as it had no basis to continue to deny the claim pursuant to [its Notice of Workers' Compensation Denial]. In this regard, [Employer's medical expert witness (Dr. Amir H. Fayyazi)] acknowledged that Claimant sustained a work injury. [Employer] offered no contrary fact witness evidence or medical evidence disputing that Claimant was restricted and disabled due to her work injury prior to Dr. Fayyazi's [independent medical exam (IME)] on June 24, 2021.

*Id.* at 92a. Employer appealed WCJ Fegley's Order to the Board, arguing WCJ Fegley improperly awarded Section 440 attorney's fees and that its contest "throughout this litigation was entirely reasonable." *See* Certified Record (C.R.) at 45.[3]

The Board's Order initially acknowledged WCJ Fegley "correctly determined" Employer's contest was unreasonable until June 24, 2021, the date of Dr. Fayyazi's IME. R.R. at 105a. The Board further noted Employer "failed to present any evidence that Claimant did not sustain a work-related injury on September 17, 2020." *Id.* Nevertheless, the Board concluded "Claimant [was] not entitled to [Section 440 attorney's] fees incurred on or after June 24, 2021," because

---

[3] Because the Board filed its certified record electronically using a variety of pagination, the page numbers referenced in this opinion reflect our electronic pagination.

Employer "procured conflicting evidence concerning the extent of Claimant's disability, and [Employer's] contest became reasonable." *Id.* at 106a. The Board accordingly modified WCJ Fegley's award of Section 440 attorney's fees as follows:

> From the period of March 23, 2021, through April 29, 2021, the period before Dr. Fayyazi's IME [was] performed on June 24, 2021, Claimant's counsel billed Claimant $1,710.00 for a total of 5.7 billable hours. As [Employer's] contest prior to Dr. Fayyazi's IME was not reasonable, Claimant is entitled to [Section 440 attorney's] fees in the amount of $1,710.00. Claimant's counsel billed Claimant $7,140.00 from the date of Dr. Fayyazi's IME until the last billable item on January 4, 2022, for a total of 23.8 billable hours. As the remaining fees in the amount [of] $7,140.00 were incurred following Dr. Fayyazi's IME, [Employer's] contest was reasonable at the time they were incurred, and Claimant is not entitled to reimbursement.

*Id.* at 107a. Claimant appealed the Board's Order and now asks this Court to reinstate WCJ Fegley's Section 440 award in its entirety.[4] *See* Petition for Review ¶ 18.

---

[4] In this regard, Claimant argues:

> The original attorney['s] fee[s] award granted by WCJ Fegley must be reinstated under *Lorino* [*v. Workers' Compensation Appeal Board*, 266 A.3d 487 (Pa. 2021),] and in the interests of justice, under the unique facts in this case, and regardless of whether the June 24, 2021, IME provided [] Employer with a reasonable basis to contest the extent and existence of an ongoing total disability . . . . To hold otherwise[] renders the *Lorino* "no per se disqualification" judicial holding and Section 440 substantive law "shall means mandatory" first truth principles in vain. The WCJ properly performed his Section 440 attorney['s] fee[s] assessment task under *Lorino* even if he made a harmless "technical error of law in his characterization of the employer's continued contest after the IME as 'unreasonable.'"

Claimant's Br. at 23 (citations omitted). We disagree that WCJ Fegley's characterization of Employer's contest as continuing to be "unreasonable" is harmless error. *See* R.R. at 93a. Similarly, we disagree that to hold otherwise renders *Lorino*'s holding in vain. To not hold the error harmless simply gives the WCJ discretion to determine whether to award Section 440 **(Footnote continued on next page…)**

4

## II. Discussion

On appeal, Claimant raises just one issue for this Court's consideration:

Whether the [Board] errored [sic] as a matter of law in failing to apply the *Lorino*[, 266 A.3d at 487,] case law principles to this claim petition case, and instead continued to use the invalidated "per se disqualification" standard in reducing the WCJ's Section 440 unreasonable contest attorney fee award of $8,850.00 to $1,7[1]0.00 . . . ?

Claimant's Br. at 5. We review orders of the Board to determine: (i) whether the Board violated a claimant's constitutional rights, (ii) whether substantial evidence supports the Board's necessary findings of fact, and (iii) whether the Board committed an error of law. 2 Pa.C.S. § 704. In considering whether the Board erred as a matter of law, our standard of review is *de novo,* and our scope of review is plenary. *See Edwards v. Workers' Comp. Appeal Bd. (Epicure Home Care, Inc.)*, 134 A.3d 1156, 1161 n.4 (Pa. Cmwlth. 2016) (citation omitted). In other words, we need not defer to the Board's conclusions of law, and we review the entire record before us with a fresh pair of eyes.

Section 440(a) of the Act provides:

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may

attorney's fees once the contest becomes reasonable. WCJ Fegley referred to "unreasonable contest attorney fees" in conclusion of law 8, *see id.*, and Claimant apparently concedes Employer's contest became reasonable. *See* Claimant's Br. at 23. If not a concession, at the very least, the Board's determination that Employer's contest became reasonable was not challenged on appeal. *See* R.R. at 106a. Moreover, WCJ Fegley ordered Employer to reimburse "Claimant's [attorney's] fee[s] based upon the unreasonable contest." *Id.* at 94a. It is apparent, therefore, that WCJ Fegley based the Section 440 award through the lens of the contest being categorized as "unreasonable." *Id.*

5

be, in whose favor the matter at issue has been finally determined in whole or in part *shall be awarded*, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney['s] fees *may be excluded* when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a) (emphasis added).

In *Lorino*, the Pennsylvania Supreme Court examined a decision of this Court in which we considered whether "the Board erred by misinterpreting Section 440 of the Act to always require that an employer engage in an unreasonable contest before attorney['s] fees may be awarded to a successful claimant." *Lorino v. Workers' Comp. Appeal Bd. (Com. of Pa.)* (Pa. Cmwlth., No. 1217 C.D. 2019, filed Aug. 19, 2020), slip op. at 3. The employer referred the claimant (Lorino) for an IME nearly six months after he sustained his work-related injury. *Id.*, slip op. at 2. The IME indicated Lorino "had fully recovered" and "did not require any further treatment." *Id.* Consequently, the WCJ concluded the employer established a reasonable basis for its contest by means of an after-acquired IME and determined Section 440 attorney's fees could only be awarded for the period *before* the employer's contest became reasonable. *Id.*, slip op. at 3. The Board affirmed the WCJ's partial Section 440 attorney's fees award, and Lorino filed a petition for review with this Court.

After reviewing the merits of Lorino's arguments, we held:

In line with [Section 440's] legislative intent and despite the General Assembly's use of the word "may," this Court has *always interpreted* Section 440 to mean that "attorney['s] fees shall be awarded *unless* a reasonable basis for the employer's contest has been established; or otherwise expressed, the award of attorney['s] fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's . . . contest is reasonably based.

6

*Id.*, slip op. at 4 (emphasis added). Because the employer's contest became reasonable, this Court upheld the Board's partial Section 440 attorney's fees award. *Id.*, slip op. at 8.

The Pennsylvania Supreme Court subsequently reversed this Court's opinion, holding "the Commonwealth Court's interpretation of Section 440 as a *per se* disqualification of an award of claimant's attorney's fees where the employer has established a reasonable basis for its contest [] is contrary to the plain language of the [Act]." *Lorino*, 266 A.3d at 494. Our Supreme Court further distinguished that "when the legislature uses the terms 'shall' and 'may' in the same section of a statute, it is a clear indication that the legislature intends certain actions to be mandatory, and others discretionary." *Id.* at 487. The Court explained:

> [U]nder Section 440, when a contested case is resolved in favor of an employee, a reasonable sum for attorney's fees *shall* be awarded to the claimant. Such an award is *mandatory*. Where, however, the employer has established a reasonable basis for the contest, an award of attorney's fees *may* be excluded. In other words, the WCJ is *permitted*, *but not required*, to exclude an award of attorney's fees. The Commonwealth Court below, in "always interpret[ing] Section 440 to mean that 'attorney['s] fees shall be awarded *unless* a reasonable basis for the employer's contest has been established,'" [(citation omitted)] disregarded the distinction between the terms "shall" and "may," and failed to recognize the discretion afforded to the workers' compensation judges to award attorney's fees even when they find a reasonable basis for an employer's contest.
>
> To be clear, we do not suggest that, under Section 440, a WCJ may never deny an award of attorney's fees when the employer has established a reasonable basis for its contest. As explained above, the language of Section 440 affords the WCJ *discretion* to refuse an award of attorney's fees in such circumstances.

*Lorino*, 266 A.3d at 494. Effectively, the Pennsylvania Supreme Court's holding in *Lorino* overturned this Court's longstanding Section 440 jurisprudence that

7

automatically excluded an award of attorney's fees whenever the employer's contest was deemed reasonable. *Id.*

In this matter, the Board concluded "reasonable fees are awarded against the employer as a cost under [S]ection 440," if the employee prevails in the contest, "*unless* the employer meets its burden of establishing facts sufficient to prove a reasonable basis for the contest." R.R. at 100a-01a (emphasis added). The Board's application of Section 440 is invalid because, according to *Lorino*, an award of Section 440 attorney's fees is "mandatory" when a WCJ resolves a contest in favor of the claimant and finds the basis of the employer's contest was unreasonable. *Lorino*, 266 A.3d at 494. Just as assuredly, however, an employer is not automatically absolved from exposure to Section 440 attorney's fees whenever its contest is deemed reasonable; instead, a WCJ has *discretion* to either award or exclude attorney's fees under Section 440 if the WCJ determines the contest is reasonable. *Id.* Simply put, an *unreasonable* contest will *always* result in an award of Section 440 attorney's fees, and a *reasonable* contest *may* result in such an award.[5]

### III. Conclusion

Based on the foregoing, we reverse the Board's Order to the extent it automatically foreclosed the imposition of attorney's fees against Employer after its contest became reasonable, disregarding the plain language of Section 440(a) of the

---

[5] We, as well as the Board, WCJs, and the WC bar, may be prudent to move away from calling Section 440 attorney's fees "unreasonable contest fees." This label came to be under this Court's pre-*Lorino* case law, *see, e.g.*, *Crouse v. Workers' Comp. Appeal Bd. (NSP Energy SVC)*, 801 A.2d 655, 660 (Pa. Cmwlth. 2002), and, consistent with our pre-*Lorino* case law, we recognized that a reasonable contest automatically precluded an award of attorney's fees, whereas an unreasonable contest called for an award of attorney's fees. *Weidner v. Workmen's Comp. Appeal Bd.*, 332 A.2d 885, 887 (Pa. Cmwlth. 1975). However, as we now understand, even when a contest is reasonable, Section 440 attorney's fees are still awardable by the WCJ. Moving away from the label of "unreasonable contest fees" will thus aid in the proper implementation of our post-*Lorino* jurisprudence.

Act and the Pennsylvania Supreme Court's decision in *Lorino*. We remand this matter to the Board to vacate WCJ Fegley's Section 440 award with the instruction to further remand to the WCJ to issue a new award of attorney's fees in accordance with Section 440(b).[6]

On remand, the WCJ must accept the Board's legal conclusion that Employer's contest was initially unreasonable but became reasonable *after* Employer presented Dr. Fayyazi's June 24, 2021 IME. Then, consistent with Section 440 and *Lorino*, the WCJ shall: (i) grant Claimant an award of attorney's fees for the period during which Employer's contest was unreasonable, *i.e.*, November 18, 2020, through June 23, 2021, and (ii) determine, in his or her discretion, whether to additionally award attorney's fees for the period after Employer's contest became reasonable. The WCJ may, or may not, reach the same result as before; nonetheless, it is imperative WCJs and the Board realize that, even if WCJ Fegley had determined Employer's contest was reasonable throughout the pendency of litigation, WCJ Fegley could have awarded Section 440 attorney's fees under these circumstances.

_____
STACY WALLACE, Judge

---

[6] We note that, under Section 440(b), a WCJ is expected to, among other things, determine "the skill required" to litigate the claimant's WC claim. 77 P.S. § 996(b). Although nuanced, the distinction is important, and we point out that, on remand, the WCJ should focus on the "skill required" as compared to the individual skillset or reputation of the claimant's attorney. *See* R.R. at 92a.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glenny Torres,                :
          Petitioner   :
                    :
      v.              : No.  1398 C.D. 2022
                    :
Amazon.com Services LLC   :
(Workers' Compensation Appeal   :
Board),                  :
         Respondent :

# **O R D E R**

**AND NOW**, this 9th day of April 2024, the November 16, 2022 order of the Workers' Compensation Appeal Board (Board) is **REVERSED**, in part, and **REMANDED** to the Board to vacate Workers' Compensation Judge (WCJ) Wayne Fegley's award of attorney's fees under Section 440 of the Workers' Compensation Act, and to further remand to the WCJ for a new determination of Section 440 attorney's fees consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
STACY WALLACE, Judge